## SUPREME COURT.

### John K. Archer agt. David W. Cole.

In an action for the possession of personal property (replevin) where the defendant, before the re-taking of the property, under an equitable defence, *tenders* an amount which he claims to be the only sum due to the plaintiff, and keeps the tender good, and upon the trial a verdict is found in favor of the plaintiff for a *less sum than the tender,* the plaintiff in his judgment is *not entitled to costs.*

*Onondaga General Term of the Fifth Judicial District: January,* 1862.

THE facts of the case were as follows, viz : The plaintiff was the owner of a canal boat, and sold and delivered the same to the defendant, who gave back to the plaintiff a chattel mortgage to secure the purchase money. The mortgage was over-due, and plaintiff claimed that there was due thereon about the sum of $240, and attempted to take the boat upon the mortgage, unless defendant paid the same. The defendant refused to pay that sum, or sur-render possession of the boat to plaintiff. Plaintiff then commenced this action, and replevied the boat. Defend-

ant re-took the same, but before so doing, tendered to the plaintiff $160 (and kept his tender good) for the amount claimed due by defendant to plaintiff on the mortgage, and the costs of the suit, and asked plaintiff to receive the same in full of the mortgage and costs. Plaintiff refused so to do. The defendant answered, setting forth the tender after suit brought, and made an issue upon the amount due, and asked equitable relief that the mortgage should be deemed canceled, and plaintiff decreed to receive the amount found due on the mortgage, with costs up to the time of the tender, and that upon such payment by defendant, the title to said boat should be confirmed in defendant.

The action was tried at the Onondaga county circuit in January, 1861, before Justice MORGAN and a jury. The jury found in favor of defendant upon the issue of amount due, that there was only $111.50 then due plaintiff upon the said mortgage, and his honor Justice MORGAN ordered plaintiff to apply at general term for judgment. The cause was argued at general term in the fifth judicial district, in April, 1861, and the court decided that defendant was entitled to the equitable relief set up in his answer, and so ordered ; and the case came up before the general term again, on the question of costs, and the following decision and opinion was given, that the plaintiff was not entitled to costs after the tender.

SMITH & MARKHAM, *for plaintiff*.
HUNT, GREEN & FRYER, *for defendant*.
D. PRATT, *of counsel for defendant*.

By the court, BACON, Justice. When this case was originally before the court it seemed to me, and I so stated in the short opinion prepared by me, that as the plaintiff had only established a claim to the extent of $111.50, as found by the jury, and the defendant had under his equitable defence made a tender of $160, being much more than suffi-

cient to satisfy the debt and costs up to that time, that the plaintiff was only entitled to recover his costs up to the time of the tender, and the defendant should either be entitled to the costs subsequently accruing, or be discharged from the payment of costs thus incurred.

I am satisfied that he should not be compelled to pay costs.

Under the old rule in chancery, if the defendant had filed a bill to redeem, it is pretty clear that under the circumstances of this case he would have recovered costs. (*See* 1 *Paige*, 617 ; 4 *id.*, 527.)

Under the Code, the defendant could set up this equitable defence, and was not driven to a cross-action to assert his rights, and under the fifth defence the defendant has established his right to relief as claimed by him. In an action of ejectment, the defendant can set up an equitable defence, or claim specific performance of a contract to purchase the premises which are the subject of the action. The right of the plaintiff to recover at law is perfect, but it is qualified, and may even be wholly defeated, by a defence that can only be enforced by the aid of the equitable powers of this court.

In equitable actions costs are allowed or denied at the discretion of the court.

We are not embarrassed in this case by the difficulty that there is a want of proper parties, and that thus the equitable relief claimed by defendant cannot be given, because no such objection is taken ; and besides, if necessary the interests of outstanding parties can be protected by the final judgment in this case.

So far as these parties are concerned, there is no difficulty in adjusting their rights, and as the defendant has established his equity, I am of opinion that the judgment should be without costs.